# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| LAJUNE L. MORGAN, <br><br> Plaintiff, <br><br> v. <br><br> HELVEY & ASSOCIATES, INC., <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO. 3:19-cv-00460 <br><br> JURY DEMAND |

## **COMPLAINT**

NOW comes LAJUNE L. MORGAN ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of HELVEY & ASSOCIATES, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§1331 and 1337 as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant is domiciled in Kosciusko County, Indiana, which lies within the Northern District of Indiana.

### PARTIES

4. Plaintiff is a 55-year-old consumer and a "person" as defined by 47 U.S.C. §153(39).

1

5. Defendant promotes itself as "premier provider of accounts receivable management and call center services."[1] Defendant is a corporation organized under the laws of the State of Indiana, with its principal place of business located at 1015-1029 E. Center St., Warsaw, Indiana 46580.

6. Defendant is a "person" as defined by 47 U.S.C. §153(39).

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

8. Several months ago, Consumers Energy provided Plaintiff with utility services for her personal use.

9. Due to financial hardship, Plaintiff fell behind on her scheduled payments to Consumers Energy, thus incurring debt ("subject debt").

10. Upon information and belief, Consumers Energy subsequently charged off the subject debt in the amount of $295.92 and stopped sending periodic billing statements to Plaintiff.

11. Thereafter, Consumers Energy turned over the subject debt to Defendant for collection.

12. On November 19, 2018, Defendant mailed or caused to be mailed to Plaintiff a collection letter via U.S. Mail in an attempt to collect upon the subject debt in the amount of $295.92.

13. Defendant's November 19, 2018 collection letter contains the following itemizations:

| CREDITOR | REFERENCE NUMBER | SVC DATE | ORIG BAL | INT | FEES | PMTS | TOTAL DUE |
|---|---|---|---|---|---|---|---|
| CONSUMERS ENERGY DA ACCTS | 103028145201 | 08-16-18 | 295.92 | 0.00 | 0.00 | 0.00 | 295.92 |
| | | | | | | TOTAL: | 295.92 |

14. Given the passage of time between Consumers Energy charging off the subject debt, the fact Consumers Energy ceased sending periodic statements for months, and the fact that the debt

---

[1] http://www.hlv.com/about-us

2

had not increased since the time it was charged off, it is clear that Consumers Energy had waived its right to collect interest and/or fees in connection with the subject debt, in turn precluding Defendant from being able to add such interest and/or fees.

15. However, the itemization of interest and/or fees as totaling $0.00, suggests to the unsophisticated consumer that such interest and/or fees may be added to the subject debt in the future.

16. However, Defendant could not add any interest and/or fees to the subject debt given the waiver by Consumers Energy.

17. Furthermore, Defendant did not intend to add such interest and/or fees given the waiver by Consumers Energy and further based on the nature of the circumstances surrounding the sending of the November 19, 2018 collection letter.

18. As a result of Defendant's conduct, Plaintiff was deceptively led to believe that Defendant had the lawful ability to collect interest and/or fees through the inclusion of the above-referenced itemization, when the right to collect interest and/or fees was waived by Consumers Energy; and/or when Defendant did not intend to collect interest and/or fees.

19. Accordingly, Plaintiff spoke with Sulaiman regarding the correspondence, resulting in pecuniary loss and expenditure of resources.

20. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, confusion, and aggravation.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

21. Plaintiff repeats and realleges paragraphs 1 through 20 as though fully set forth herein.

22. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

23. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

24. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant has been a member of the Association of Credit and Collection Professionals, an association of debt collectors, since 1952.[2]

25. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

   a. **Violations of 15 U.S.C § 1692e**

26. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

27. In addition, this section enumerates specific violations, such as:

> "The false representation of – the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2).

> "The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5).

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

28. Defendant violated 15 U.S.C. §§ 1692e, e(2), e(5), and e(10) through the inclusion of language itemizing interest and/or fees as "$0.00" in the November 19, 2018 collection letter. The inclusion of this language misleadingly suggests to consumers the false possibility that Defendant could, and intended to, collect an amount that would be above and beyond that which was outlined

---

[2] https://www.acainternational.org/search#memberdirectory

as the total due on the collection letter. The subject debt referenced in the November 19, 2018 collection letter was charged off by Consumers Energy for a total balance of $295.92. Given the passage of time the debt did not accrue interest and/or fees after charge-off, and Defendant's attempt to collect the same amount as when the debt was charged off, Consumers Energy and its agents and successors waived the right and ability to add such interest and/or fees. Additionally, Defendant did not intend to add such interest and/or fees. As such, it was false, deceptive, and misleading for Defendant to suggest the subject debt could accrue interest and/or fees in the future, both when Defendant lacked the lawful ability to add such interest and/or fees, and Defendant did not intend to add such interest and/or fees.

    b.  **Violations of FDCPA § 1692f**

29. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

30. In addition, this section enumerates specific violations, such as:

> "The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. §1692f(1).

31. Defendant violated §1692f and f(1) when it unfairly suggested that it could collect additional amounts above and beyond the total balance due as represented in its collection letter. Because Defendant was precluded from adding anything to the balance of the subject debt, the above referenced portions of the collection letter violate the FDCPA.

WHEREFORE, Plaintiff, LAJUNE L. MORGAN, respectfully requests that this Honorable Court enter judgment in her favor as follows:

    a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: June 12, 2019                                                      Respectfully submitted,

s/ Nathan C. Volheim (Lead Attorney)                  s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                      Taxiarchis Hatzidimitriadis, Esq. #6319225
*Counsel for Plaintiff*                                                  *Counsel for Plaintiff*
Admitted in the Northern District of Indiana         Admitted in the Northern District of Indiana
Sulaiman Law Group, Ltd.                                      Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200                  2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                                           Lombard, Illinois 60148
(630) 568-3056 (phone)                                          (630) 581-5858 (phone)
(630) 575-8188 (fax)                                                (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                                thatz@sulaimanlaw.com