UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LAJUNE L. MORGAN )<br>)<br>Plaintiff )<br>)<br>vs. )<br>)<br>HELVEY & ASSOCIATES, INC. )<br>)<br>Defendant )<br>_____ ) | CASE NO. 3:19-cv-00460-PPS-MGG |

## **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

Comes now Defendant, Helvey & Associates, Inc, by counsel, and for its Answer to Plaintiff's Complaint, alleges and states as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, for Defendant's unlawful conduct.

**ANSWER:** Defendant admits Plaintiff brings this action pursuant to the quoted statute. Defendant denies any inference that it violated the statute and any remaining allegations contained in paragraph 1.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§1331 and 1337 as the action arises under the laws of the United States.

**ANSWER:** Defendant admits the allegations contained in paragraph 2.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant is domiciled in Kosciusko County, Indiana, which lies within the Northern District of Indiana.

**ANSWER:** Defendant admits the allegations contained in paragraph 3.

### PARTIES

4. Plaintiff is a 55-year-old consumer and a "person" as defined by 47 U.S.C. §153(39).

**ANSWER:** Defendant admits that Plaintiff is a "person". Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations contained in paragraph 4.

5. Defendant promotes itself as "premier provider of accounts receivable management and call center services."[1] Defendant is a corporation organized under the laws of the State of Indiana, with its principal place of business located at 1015-1029 E. Center St., Warsaw, Indiana 46580.

**ANSWER:** Defendant admits the allegations contained in paragraph 5.

6. Defendant is a "person" as defined by 47 U.S.C. §153(39).

**ANSWER:** Defendant admits the allegations contained in paragraph 6.

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**ANSWER:** Defendant admits the allegations contained in paragraph 7.

### FACTS SUPPORTING CAUSES OF ACTION

8. Several months ago, Consumers Energy provided Plaintiff with utility services for her personal use.

**ANSWER:** Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 8, and therefore denies them.

9. Due to financial hardship, Plaintiff fell behind on her scheduled payments to Consumers Energy, thus incurring debt ("subject debt").

**ANSWER:** Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 9, and therefore denies them.

10. Upon information and belief, Consumers Energy subsequently charged off the subject debt in the amount of $295.92 and stopped sending periodic billing statements to Plaintiff.

**ANSWER:** Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 10, and therefore denies them.

11. Thereafter, Consumers Energy turned over the subject debt to Defendant for collection.

**ANSWER:** Defendant admits the allegations contained in paragraph 11.

12. On November 19, 2018, Defendant mailed or caused to be mailed to Plaintiff a collection letter via U.S. Mail in an attempt to collect upon the subject debt in the amount of $295.92.

**ANSWER:** Defendant admits the allegations contained in paragraph 12.

13. Defendant's November 19, 2018 collection letter contains the following itemizations:

**ANSWER:** Defendant admits the allegations contained in paragraph 13.

14. Given the passage of time between Consumers Energy charging off the subject debt, the fact Consumers Energy ceased sending periodic statements for months, and the fact that

the debt had not increased since the time it was charged off, it is clear that Consumers Energy had waived its right to collect interest and/or fees in connection with the subject debt, in turn precluding Defendant from being able to add such interest and/or fees.

**ANSWER:** Defendant denies the allegations contained in paragraph 14.

15. However, the itemization of interest and/or fees as totaling $0.00, suggests to the unsophisticated consumer that such interest and/or fees may be added to the subject debt in the future.

**ANSWER:** Defendant denies the allegations contained in paragraph 15.

16. However, Defendant could not add any interest and/or fees to the subject debt given the waiver by Consumers Energy.

**ANSWER:** Defendant denies the allegations contained in paragraph 16.

17. Furthermore, Defendant did not intend to add such interest and/or fees given the waiver by Consumers Energy and further based on the nature of the circumstances surrounding the sending of the November 19, 2018 collection letter.

**ANSWER:** Defendant denies the allegations contained in paragraph 17.

18. As a result of Defendant's conduct, Plaintiff was deceptively led to believe that Defendant had the lawful ability to collect interest and/or fees through the inclusion of the above-referenced itemization, when the right to collect interest and/or fees was waived by Consumers Energy; and/or when Defendant did not intend to collect interest and/or fees.

**ANSWER:** Defendant denies the allegations contained in paragraph 18.

19. Accordingly, Plaintiff spoke with Sulaiman regarding the correspondence, resulting in pecuniary loss and expenditure of resources.

**ANSWER:**   Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 19, and therefore denies same.

20. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, confusion, and aggravation.

**ANSWER:**   Defendant denies the allegations contained in paragraph 20.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

21. Plaintiff repeats and realleges paragraphs 1 through 20 as though fully set forth herein.

**ANSWER**:   Defendant incorporates paragraphs 1 through 20 as is fully set forth herein.

22. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

**ANSWER:**   Defendant admits the allegations contained in paragraph 22.

23. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

**ANSWER:**   Defendant admits the allegations contained in paragraph 23.

24. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant has been a member of the Association of Credit and Collection Professionals, an association of debt collectors, since 1952.[2]

**ANSWER:**   Defendant admits the allegations contained in paragraph 24.

25. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

5

**ANSWER**:   Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 25, and therefore denies same.

a.  **Violations of 15 U.S.C § 1692e**

26.  The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

**ANSWER:**   Defendant admits the allegations contained in paragraph 26.

27.  In addition, this section enumerates specific violations, such as:

> "The false representation of – the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2).
>
> "The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5).
>
> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

**ANSWER:**   Defendant admits that the quoted language that appears in the relevant statutes.  Defendant denies that paragraph 27 is a complete statement of the law.

28.  Defendant violated 15 U.S.C. §§ 1692e, e(2), e(5), and e(10) through the inclusion of language itemizing interest and/or fees as "$0.00" in the November 19, 2018 collection letter. The inclusion of this language misleadingly suggests to consumers the false possibility that Defendant could, and intended to, collect an amount that would be above and beyond that which was outlined as the total due on the collection letter. The subject debt referenced in the November 19, 2018 collection letter was charged off by Consumers Energy for a total balance of $295.92. Given the passage of time the debt did not accrue interest and/or fees after charge-off, and Defendant's attempt to collect the same amount as when the debt was charged off,

Consumers Energy and its agents and successors waived the right and ability to add such interest and/or fees. Additionally, Defendant did not intend to add such interest and/or fees. As such, it was false, deceptive, and misleading for Defendant to suggest the subject debt could accrue interest and/or fees in the future, both when Defendant lacked the lawful ability to add such interest and/or fees, and Defendant did not intend to add such interest and/or fees.

**ANSWER:**   Defendant denies the allegations contained in paragraph 28.

### b. Violations of FDCPA § 1692f

29.   The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

**ANSWER:**   Defendant admits the allegations contained in paragraph 29.

30.   In addition, this section enumerates specific violations, such as:

"The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. §1692f(1).

**ANSWER:**   Defendant admits the quoted language appears in the cited statute. Defendant denies that this is a complete statement of the law.

31.   Defendant violated §1692f and f(1) when it unfairly suggested that it could collect additional amounts above and beyond the total balance due as represented in its collection letter. Because Defendant was precluded from adding anything to the balance of the subject debt, the above referenced portions of the collection letter violate the FDCPA.

**ANSWER:**   Defendant denies the allegations contained in paragraph 31.

## AFFIRMATIVE DEFENSES

1. In the event Defendant is found to have violated the FDCPA, any such violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adopted to avoid such error. See 15 U.S.C. §1692k(c).

WHEREFORE, Defendant, Helvey & Associates, Inc, by counsel, prays that Plaintiff take nothing by way it his complaint, for costs of this action and for all other relief just and proper.

KIGHTLINGER & GRAY, LLP

By  s/ *Nicholas W. Levi*
Nicholas W. Levi (#24278-53)
One Indiana Square, Suite 300
211 North Pennsylvania Street
Indianapolis, Indiana  46204
Telephone:  317-638-4521
Email:  nlevi@k-glaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 19, 2019, the foregoing pleading was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

Nathan C. Volheim (nvolheim@sulaimanlaw.com)
Taxiarchis Hatzidimitriadis (thatz@sulaimanlaw.com)

s/ *Nicholas W. Levi*
Nicholas W. Levi

190461\5551540-1

8